UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRENT ELISENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22-cv-00387-JDL |
| ) | |
| MAINE STATE FORENSICS DHHS, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## **RECOMMENDED DECISION**

On March 1, 2023, after a preliminary review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, the Court entered a judgment of dismissal. (Judgment, ECF No. 11.) Plaintiff filed a post-judgment motion in which he questions the bases for the Court's decision and arguably seeks some type of injunctive relief as to one of the named defendants. I construe Plaintiff's motion to be a request for relief from the judgment of dismissal.[1]

Following a review of Plaintiff's motion, I recommend the Court deny the motion.

---

[1] Plaintiff also contends that the undersigned and Chief Judge Levy should be relieved of their authority to adjudicate Plaintiff's claim and any other matters. To the extent Plaintiff's motion can be construed to request in part that the assigned judges recuse, the record lacks any evidence to support recusal. "[T]he mere fact of an adverse ruling" is insufficient to establish bias. *See U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) (citing *United States v. Kelly*, 712 F.2d 884, 890 (1st Cir. 1983) (citations omitted)). This principle is consistent with the First Circuit's observation that "there is a need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *F.D.I.C. v. Sweeney*, 136 F.R.D. 216, 220 (1st Cir. 1998) (citations and internal quotation marks omitted). Plaintiff has presented no factual or legal basis to warrant recusal.

## DISCUSSION

Federal Rule of Civil Procedure 60 governs the Court's consideration of Plaintiff's request for relief from judgment. Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

Rule 60(b) affords relief from final judgments only under exceptional circumstances. *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017). "A party seeking Rule 60(b) relief must show, at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

Plaintiff has not alleged facts that would support relief from judgment under Rule 60. That is, Plaintiff does not assert facts that could reasonably be construed as a mistake,

2

newly discovered evidence, or fraud as grounds for relief.  In addition, Plaintiff has not shown that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated.  Finally, Plaintiff's contentions do not constitute any "other reason that justifies relief."[2]  Plaintiff, therefore, has not asserted grounds for which relief from judgment is available.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for relief from judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of April, 2023.

---

[2] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).